IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAMES HOUDE                                    §
     TDCJ-CID #1365378                     §
                                               §
v.                                             §          C.A. NO. C-09-301
                                               §
NATHANIEL QUARTERMAN, ET AL.                   §

### OPINION DENYING MOTION FOR INITIAL DISCLOSURE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. (D.E.

1). Pending is plaintiff's motion for initial disclosure. (D.E. 5).

On November 19, 2009, a Spears[1] hearing was held regarding plaintiff's claims. An

order for service of process has not yet been served on any defendants.

The discovery rules within the Federal Rules of Civil Procedure apply to this action. See

Fed. R. Civ. P. 26-37. Pursuant to Local Rule 5.4, discovery is not filed with this Court:

"Depositions, interrogatories, answers to interrogatories, requests for admission, production, or

inspection, responses to those requests, and other discovery material shall not be filed with the

clerk."

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties are obligated to

provide certain information through an initial disclosure without a discovery request:

> (i) the name and, if known, the address and telephone number of
> each individual likely to have discoverable information–along with
> the subjects of that information–that the disclosing party may use
> to support its claims or defenses, unless the use would be solely for
> impeachment;
>
> (ii) a copy–or a description by category and location–of all
> documents, electronically stored information, and tangible things
> that the disclosing party has in its possession, custody, or control

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

and may use to support its claims or defenses, unless the use would
be solely for impeachment;

(iii) a computation of each category of damages claimed by the
disclosing party–who must also make available for inspection and
copying as under Rule 34 the documents or other evidentiary
material, unless privileged or protected from disclosure, on which
each computation is based, including materials bearing on the
nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance
agreement under which an insurance business may be liable to
satisfy all or part of a possible judgment in the action or to
indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A); see also United States v. Filson, No. 08-51141, 2009 WL 3334607,

at *3 (5th Cir. Oct. 16, 2009) (per curiam) (unpublished) (addressing initial disclosure

requirements).  Parties must provide these initial disclosures within 30 days of being served.  See

Fed. R. Civ. P. 26(a)(1)(D).  After defendants have been served, if plaintiff feels that they have

not complied with their initial disclosure obligations, then he should file a motion to compel.

See Fed. R. Civ. P. 37(a).

Accordingly, plaintiff's motion for initial disclosure, (D.E. 5), is hereby DENIED

without prejudice.

ORDERED this 19th day of November 2009.


                                        BRIAN  L. OWSLEY
                                        UNITED STATES MAGISTRATE JUDGE