IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES HOUDE | § | |
|     TDCJ-CID #1365378, | § | |
| v. | § | C.A. NO. C-09-301 |
| | § | |
| RICK THALER, ET AL. | § | |

**OPINION DISMISSING CERTAIN CLAIMS AND RETAINING ACTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims against defendants Rick Thaler, Officer McKibben, and Sergeant Fenner are dismissed for failure to state a claim; however, his failure to protect claims against Warden Crites, Major Barber, Major Ambriz, and Lieutenant Garza are retained, and service ordered on these individuals.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. After consent by the plaintiff, (D.E. 11), this case was referred to a United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 12); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on November 2, 2009, alleging that he was being threatened by Crips gang members because he is homosexual and believed to be a "snitch." Plaintiff claims that, despite the threats, defendants have repeatedly refused his life in danger claims, and denied his requests for a transfer, safe-keeping status, or protective custody. (D.E. 1). On November 16, 2009, plaintiff filed a supplement to his complaint and named three additional defendants. (D.E. 7). He is suing the following individuals: (1) TDCJ-CID Director Rick Thaler; (2) Warden Crites; (3) Major Barber; (4) Major Ambriz; (5) Officer McKibben; (6) Lieutenant Garza; and (7) Sergeant Fenner.

A Spears[1] hearing was conducted on November 19, 2009. The following allegations were made in plaintiff's original complaint, the supplement, or at the hearing:

In April 2009, plaintiff arrived on the McConnell Unit and was assigned to 3-Building, C-pod. His cell-mate, an inmate named Brooks, began sexually harassing him.[2] Plaintiff told

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff testified that he is homosexual.

2

prison officials about the harassment, and, after signing a waiver, he was moved to D-pod. However, shortly after the move, Brooks saw plaintiff walking in the yard. He told members of the Crips, a Security Threat Group, that plaintiff was a "snitch." Thereafter, Seth Trip, the leader of the Crips on D-pod, began calling plaintiff both a snitch and a "punk," the latter word alluding to his homosexuality, and threatening him with physical harm. Plaintiff told an unidentified officer about the threats, but he responded that more evidence was needed before something could be done.

In August 2009, plaintiff was found guilty in a disciplinary matter and was assigned to administrative segregation. He believed that Seth Trip was also in segregation at the time, and on August 21, 2009, he filed a life in danger claim against the Crips. A Unit Classification Committee ("UCC") composed of Major Ambriz and two unidentified women heard plaintiff's life in danger claim, but denied it for lack of evidence.

In late August or September, plaintiff filed another life in danger claim.[3] Sergeant Mayer investigated plaintiff's claims, and he then went before a UCC composed of Major Barber, Lieutenant Garza, and an unidentified woman. This UCC also denied plaintiff's life in danger claim.

On September 21, 2009, Major Ambriz approved a move to house plaintiff in J-pod, J-10. As Officer Davis was escorting plaintiff to the new housing area, another Crips leader named "King" who has a gang symbol tattoo on his arm, told him that he better get himself moved, and another inmate called him a punk. Plaintiff began having a panic attack, and Officer Davis took him to the front desk. He indicated that this housing was not safe and that he wanted to file a life

---

[3] Plaintiff filed six or seven life in danger claims; all of them were denied.

in danger claim. Officer McKibben, who was working the cage, and Officer Fenner, both told plaintiff he could not file a claim. They then cuffed plaintiff to take him back to J-10 cell, and they told Officer Davis to not let him out unless he was bleeding. Again, plaintiff began panicking and he threw a glass of water. The water splashed on the pants of a woman who works at the commissary. Thereafter, Lieutenant Garza and Captain John Doe came to take plaintiff back to 11-Building. Lieutenant Garza verbally threatened plaintiff and told him to stop talking. As they walked along, he pushed plaintiff and announced that he was a "woman beater" to surrounding inmates.

      Before going to 11-Building, Lieutenant Garza took plaintiff to the infirmary. The nurse tried to check plaintiff's blood pressure and she gave him his hypertension medication. Lieutenant Garza and Captain John Doe then returned plaintiff to 11-Building.

      Plaintiff was given a disciplinary case for throwing the water. Plaintiff requested to be placed in safekeeping, protective custody, or a transfer, but Major Barber and Warden Crites denied these requests.

      Plaintiff is now in "population 7 G overflow transit" waiting to be placed in 8-Building. However, he is afraid of this proposed housing because gang members and murderers are housed there. He also claims that he has to "hide his face" from Sergeant Fenner and Officer McKibben because they are "waiting" to harm him.

      Plaintiff claims that he has serious disabilities and a discharge date of January 19, 2010. He does not want to chance his life by living in general population. He asserts that "prison officials" will not take his life in danger claims seriously. He alleges that, at one of his UCC

hearings, prison officials told him that they cannot do anything "until something more convincing happened."

Plaintiff seeks declaratory, punitive and injunctive relief, and that defendants pay court costs and appointment of counsel fees.

### III. DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.      Plaintiff's Claim Against Defendant Rick Thaler Fails To State A Claim.**

Plaintiff named Rick Thaler, the TDCJ-CID director, as a defendant on the grounds that he is ultimately responsible for what happens at the individual prison units, and therefore, that he is liable for the actions of his subordinates.[4]

It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)); accord David v. Hill, 410 F. Supp.2d 749, 760 (S.D. Tex. 2005) (citation omitted). The Fifth Circuit has elaborated that pursuant to "section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)); accord Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d at 382 (citing Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976)). A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d at 304 (citations omitted). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement

---

[4] Plaintiff originally named Nathaniel Quarterman as a defendant because he was Director of the TDCJ-CID. Effective July 15, 2009, Mr. Thaler replaced Mr. Quarterman as the Director. At the Spears hearing, he orally moved to substitute Mr. Thaler for Mr. Quarterman. This motion was granted and the claim against Mr. Quarterman was dismissed.

unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992) (citations omitted).

The mere fact that Rick Thaler is the Director of the TDCJ-CID does not amount to personal involvement. Moreover, plaintiff does not contend that an unconstitutional policy played a role in the alleged constitutional violations. Accordingly, plaintiff's claims against Rick Thaler are dismissed for failure to state a claim.

## C. Plaintiff's Claims For Failure To Protect Are Dismissed In Part And Retained In Part.

Plaintiff is suing Warden Crites, Major Matt Barber, Major Ambriz, Lieutenant Garza, Officer McKibben and Sergeant Fenner for failure to protect.

Prison officials have a duty to protect prisoners from violence, including violence at the hands of other inmates and officers. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to an inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

In this case, plaintiff testified that, after reporting the sexual advances of his cell-mate to prison authorities, he was labeled a "snitch," and he began to receive repeated threats from members of the Crips. Indeed, he is so convinced that the threats are real that he has gotten disciplinary cases for refusing housing assignments rather than move to an area he believes unsafe. He testified that he has filed six or seven life in danger claims, plus requests for

protective housing, safekeeping status, or a transfer, and that defendants continue to deny his requests.  He claims that Major Barber sat on two UCC hearings that denied his life in danger claim; that Warden Crites sat on one hearing that denied his life in danger claim, and also denied his protective custody request; and that Major Ambriz and Lieutenant Garza each sat on a UCC hearing that denied his life in danger claim.  Based on his allegations, plaintiff has established that these four defendants are aware of a serious risk to his health and safety, but ignored that risk.  As noted by the Supreme Court in Farmer, a prisoner subjected to a substantial risk of harm is not required to suffer physical injury before obtaining relief.  511 U.S. at 845 (citation omitted).

     As to defendants Officer McKibben and Sergeant Fenner, plaintiff complains that these individuals manhandled him, called him a "wife beater" and threatened to harm him.  In addition, plaintiff testified that he is afraid of them.  Taking plaintiff's allegations as true, even if these officers behaved this way, plaintiff has not alleged that they failed to protect him.  Indeed, although he may desire protection *from* these officers, he has not established that these officers are aware of a significant risk to his health and safety, yet ignored that risk.  Thus, he has not stated a failure to protect claim against Officer McKibben or Sergeant Fenner.  Furthermore, to the extent he complains about the officers threatening him, those allegations fail to state a constitutional violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (mere words are not sufficient to support a § 1983 claim).  Thus, plaintiff's claims against McKibben and Fenner are dismissed for failure to state a claim.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's § 1983 claims against Rick Thaler, Officer McKibben and Sergeant Fenner are dismissed for failure to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff's failure to protect claims against Major Barber, Warden Crites, Major Ambriz and Lieutenant Garza are retained, and service shall be ordered on these defendants.

ORDERED this 23rd day of December 2009.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE