IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES HOUDE § | | |
| TDCJ-CID #1365378, § | | |
| v. § | | C.A. NO. C-09-301 |
| § | | |
| RICK THALER, ET AL. § | | |

## OPINION DISMISSING ACTION FOR FAILURE TO PROSECUTE

This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is defendants' motion to dismiss for failure to prosecute. (D.E. 27).

## I. JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. After consent by the parties, (D.E. 11, 25), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 26); see also 28 U.S.C. § 636(c).

## II. BACKGROUND

Plaintiff filed his action on November 2, 2009, alleging that defendants were deliberately indifferent to his safety due to their failure to protect him. (D.E. 1). In his complaint, he indicated that he was scheduled to be released on January 19, 2010. Id. at 4. On November 19, 2009, a Spears[1] hearing was held to discuss plaintiff's claims. Based on the complaint and testimony, plaintiff's claims against defendants Warden Crites, Major Barber, Major Ambriz, and Lieutenant Garza were retained. See Houde v. Thaler, No. C-09-301, 2009 WL 5214028 (S.D. Tex. Dec. 23, 2009).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

On December 23, 2009, an order for service of process was issued for these four defendants. (D.E. 16). On February 5, 2010, they filed an answer. (D.E. 24). Apparently, the copy of the answer sent to plaintiff was returned to defense counsel on February 10, 2010, indicating that plaintiff had been released. (D.E. 27, at 1).

Plaintiff had been warned that failure to update his mailing address may result in the dismissal of his action: "The plaintiff must notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such a notice may result in this case being dismissed for want of prosecution." (D.E. 4, at ¶ 10). Orders sent by the Court also were returned to the Clerk's Office with a notation indicating that plaintiff had been discharged. (D.E. 29, 30).

### III. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

Plaintiff has failed to comply with this Court's orders. Additionally, pursuant to Local Rule 83.4, a "pro se litigant is responsible for keeping the clerk advised in writing of the current address," and "[n]otices will be sent only to the address on file." Plaintiff has been released

from custody, but failed to notify the Court of his current address. Thus, upon his release, it appears that he has abandoned his claims.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to prosecute, (D.E. 27), is granted. Accordingly, plaintiff's action is dismissed without prejudice.

Ordered this 19th day of March 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE